# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **HERITAGE SELECT, LLC,** : | |
| : | |
| Plaintiff, : | **CIVIL ACTION FILE NO.** |
| : | **1:17-cv-00663-WSD-AJB** |
| v. : | |
| : | |
| **CALVIN R. WHITE,** : | |
| and all other occupants, : | |
| : | |
| Defendants. : | |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT & RECOMMENDATION

This matter has been submitted to the undersigned upon Plaintiff's notice of removal. [Doc. 1]. For the following reasons, the Court **RECOMMENDS** that this matter be **REMANDED** to the Magistrate Court of Fulton County due to lack of subject matter jurisdiction.

### *I.* *Introduction*

On February 8, 2017, Plaintiff filed a dispossessory proceeding against Defendant and all other occupants of the premises at 3324 Peachtree Road, # 2416, Atlanta, Georgia, 30326 ("the Property") in the Magistrate Court of Fulton County, alleging that Defendant was a holdover following foreclosure and seeking possession

of the Property. [Doc. 1 at 8].[1] Service of process was accomplished by posting a copy of the summons on the door of the Property. [*Id.*]. Defendant removed the action to this Court on February 22, 2017, contending that this Court has federal-question jurisdiction to hear this dispute based upon 42 U.S.C. § 1983 and 18 U.S.C. §§ 241-42. [*Id.* at 1-2].

## *II. Legal Standards*

The Court has an obligation to insure that subject matter jurisdiction exists. " 'Subject matter jurisdiction . . . refers to a tribunal's power to hear a case.' " *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 891 (11th Cir. 2013) (quoting *Morrison v. Nat'l Australia Bank, Ltd.*, 561 U.S. 247, 254 (2010)). "As the Federal Rules of Civil Procedure state, 'If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.' " *Williams v. Warden, Federal Bureau of Prisons*, 713 F.3d 1332, 1337-38 (11th Cir. 2013) (quoting Fed. R. Civ. P. 12(h)(3)); *accord Gonzalez v. Thaler*, 586 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."); *id.* ("Subject-matter jurisdiction can

---

[1] The Magistrate Court of Fulton County assigned the case No. 17ED023389. [Doc. 1 at 8].

2

AO 72A
(Rev.8/82)

never be waived or forfeited."); *see also Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) ("Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking.") (quotation marks omitted).

The Court must liberally construe *pro se* pleadings, holding them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation omitted). However, the leniency afforded *pro se* litigants does not give the courts license to serve as *de facto* counsel or permit them to rewrite an otherwise deficient pleading in order to sustain an action. *Hudson v. Middle Flint Behavioral Healthcare*, 522 Fed. Appx. 594, 596 (11th Cir. June 20, 2013) (citing *GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Moreover, "[l]iberal construction has its limits . . . and this court may not rewrite an otherwise deficient [pleading] in order to create jurisdiction." *In re Davis*, 237 B.R. 177, 181 (M.D. Ala. 1999) (citing *GJR Inv., Inc.*, 132 F.3d at 1369; *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993)).

A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). Thus, a district court lacks subject-matter jurisdiction over a removal action when it does not have "original jurisdiction over the *plaintiff's* claims." *Univ. of S. Ala. v. Am. Tobacco Co.*,

3

AO 72A
(Rev.8/8
2)

168 F.3d 405, 410 (11th Cir. 1999) (emphasis added). Said another way, removal is proper if the *plaintiff's* case originally could have been filed in federal court. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). While a defendant is entitled to remove to the appropriate federal district court any civil action over which district courts have original jurisdiction, *see* 28 U.S.C. §§ 1331 and 1441(a), a plaintiff "is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (citation omitted).

Original jurisdiction under § 1441 arises if there is diversity of citizenship or the complaint presents a federal question. *See* 28 U.S.C. § 1441(b); *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352 n.2 (11th Cir. 2003); *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). "The district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Further, "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as

4

to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). Because removal from a state court constitutes an infringement upon state sovereignty, the removal requirements must be strictly construed and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411.

## III. Discussion

Defendant's notice of removal alleges federal question jurisdiction based upon 42 U.S.C. § 1983 and 18 U.S.C. §§ 241-42, albeit without offering any facts whatsoever describing how Plaintiff violated these federal statutes. [*See* Doc. 1 at 1-2]. The Court also notes that, on the civil cover sheet, Defendant indicated that removal was based upon federal question jurisdiction and that both parties were citizens of the state of Georgia. [Doc. 1-1 at 1]. Accordingly, given Defendant's *pro se* status, the Court will discuss if federal-question or diversity jurisdiction supports removal.

### A. *Federal-question jurisdiction*

A federal question exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private

5

remedy for violations of a federal statute." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998). "To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal." *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430-31 (1999); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1013 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a Defendant may not remove a case to federal court on [a federal question] basis, even though a possible defense might involve a federal question."); *Vaden v. Discover Bank*, 556 U.S. 49, 56 (2009) (federal jurisdiction cannot be predicated on an actual or anticipated defense or counterclaim); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002); *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998); *Kemp v. Int'l Bus. Mach. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997) ("Because a federal question must appear on the face of the plaintiff's complaint to satisfy the well-pleaded complaint rule, a defense which presents a federal question can not create removal jurisdiction. Thus, a case may not be removed to federal court on the ground of a federal question defense alone, even if that defense is valid."). The removing defendant bears the burden of proving that a

AO 72A
(Rev.8/82)

federal question exists. *See Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005); *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Plaintiff's complaint asserts no more than claim for dispossession, a decidedly state-law claim. *See Nguyen v. Cade*, No. 1:16-CV-01076-TWT-AJB, 2016 WL 3023884, at *3 (N.D. Ga. Apr. 7, 2016) (R&R), *adopted at* 2016 WL 2998003 (N.D. Ga. May 25, 2016); *see also CF Lane, LLC v. Bynum*, No. 1:14-cv-2167-WSD, 2014 WL 3397627, at *2 (N.D. Ga. July 11, 2014) ("Plaintiff's Complaint is a dispossessory warrant which is based solely on state law."); *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) ("[T]he dispossessory claim that forms the basis of this action is exclusively a matter of state law.") (Batten, J.).

To the extent that Defendant is trying to assert as a defense that Plaintiff did not comply with the United States Constitution or a federal statute, as noted above, a federal question presented as a defense is not a proper basis for removal of a complaint. *Pretka v. Kolter City Plaza II. Inc.*, 608 F.3d 744, 766 n.20 (11th Cir. 2010); *Kemp*, 109 F.3d at 712 ("Because a federal question must appear on the face of the plaintiff's complaint to satisfy the well-pleaded complaint rule, a defense which presents a federal question can not create removal jurisdiction. Thus, a case may not be removed to

7

AO 72A
(Rev.8/82)

federal court on the ground of a federal question defense alone, even if that defense is valid."). Since any potential federal law issues are related only to Defendant's alleged defenses, no federal law is an essential element of Plaintiff's state law claim. As a result, there is no federal-question subject-matter jurisdiction supporting the removal.

### B. *Diversity-of-citizenship jurisdiction*

Under 28 U.S.C. § 1332, district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Because the relevant inquiry on whether removal is proper is whether the case could have originally been brought in district court, the Court looks to the plaintiff's complaint to determine if removal was appropriate. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Counterclaims should not be considered in the calculation of the amount in controversy in a removal action because they are not a part of the plaintiff's complaint. *First Guar. Bank & Trust Co. v. Reeves*, 86 F. Supp. 2d 1147, 1153 (M.D. Fla. 2000); *Conference Am., Inc. v. Q.E.D. Int'l, Inc.*, 50 F. Supp. 2d 1239, 1241–43 (M.D. Ala. 1999) (counterclaims cannot be considered in determining whether the amount in controversy requirement has been met). The sufficiency of the amount in controversy is measured at the time of filing of the complaint. *Travelers Ins. Co. v. Greenfield*, 154 F.2d 950,

8

952 (5th Cir. 1946)[2]; *see also St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 293 (1938) (amount in controversy is judged at the time of filing; subsequent events will defeat jurisdiction only if they show the plaintiff lacked good faith in claiming the higher amount at the time of filing); *Grinnell Mutual Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1116 (7th Cir. 1997).

The activity about which Plaintiff complains appears to be a garden-variety action to regain possession of a premises. [*See* Doc. 1 at 8]. A dispossessory proceeding is a dispute over the limited right to possession, and not a dispute over ownership. *Novastar Mortg., Inc. v. Bennett*, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001) (Pannell, J.) *aff'd*, 35 Fed. Appx. 858 (11th Cir. Apr. 16, 2002). Thus, "[t]he amount claimed by the plaintiff cannot be measured by the value of the underlying land." *Id.* Plaintiff has neither argued, nor provided any information indicating that the value of his right to possession of the Property exceeds $75,000. Thus, Defendant's removal of Plaintiff's complaint on the basis of diversity of citizenship is invalid because the amount in controversy as reflected in Plaintiff's complaint does not exceed $75,000.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

AO 72A
(Rev.8/82)

Even if the amount in controversy exceeded $75,000, Defendant's removal is not supported by diversity of citizenship jurisdiction because, according to the civil cover sheet prepared by Defendant, both Plaintiff and Defendant are citizens of Georgia, and thus there is no diversity of citizenship. [*See* Doc. 1-1 at 1].

### IV. *Conclusion*

For the reasons stated above, the undersigned **RECOMMENDS** that the action be **REMANDED** to the Magistrate Court of Fulton County.

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS RECOMMENDED and DIRECTED**, this the 8th day of September, 2017.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)